Michael S. Devorkin, Esq.
Michael S. Weinstein, Esq.
GOLENBOCK EISEMAN ASSOR
BELL & PESKOE LLP
711 Third Avenue
New York, NY 10017
Telephone: (212) 907-7300
Facsimile: (212) 754-0330

*Counsel for Jonathan L. Flaxer,*
*Chapter 11 Trustee for Joseph Klaynberg*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------ X

| | | |
|---|---|---|
| In re | : | Chapter 11 |
| | : | |
| JOSEPH KLAYNBERG, | : | Case No. 22-10165 (MG) |
| | : | |
| Debtor. | : | |
| | : | |

------------------------------------------------------------ X

| | | |
|---|---|---|
| JONATHAN L. FLAXER, not individually but | : | |
| solely in his capacity as chapter 11 trustee for | : | Adv. Pro. No. _____ |
| JOSEPH KLAYNBERG, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| - v- | : | |
| | : | |
| CHABAD OF GRAMERCY PARK | : | |
| | : | |
| Defendant. | : | |
| | : | |

------------------------------------------------------------ X

## <u>COMPLAINT</u>

Jonathan L. Flaxer (the "**<u>Trustee</u>**" or "**<u>Plaintiff</u>**"), as trustee for the chapter 11

bankruptcy estate (the "**<u>Estate</u>**") of Joseph Klaynberg ("**<u>Klaynberg</u>**" or the "**<u>Debtor</u>**"), by and

through his undersigned counsel, Golenbock Eiseman Assor Bell & Peskoe LLP, alleges for his

complaint ("**<u>Complaint</u>**") against Chabad of Gramercy Park ("**<u>CGP</u>**") as follows:

## JURISDICTION AND VENUE

1.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.

2.      This adversary proceeding is brought pursuant to Rule 7001, *et seq.* of the Federal Rules of Bankruptcy Procedures and §§ 105, 548, and 550 of Title 11 of the United States Code (the "**Bankruptcy Code**").

3.      Venue of this Adversary Proceeding in the Southern District of New York is proper pursuant to 28 U.S.C. § 1409(a), because this adversary proceeding arises under and in connection with a case under 11 U.S.C. § 101, *et seq.*

4.      This adversary proceeding is a "core" proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A), (H) and (O).

5.      The Trustee brings this adversary proceeding to (i) obtain repayment of the loan made by Klaynberg to Defendant CGP or (ii) in the alternative, to recover fraudulent transfers made by Klaynberg to Defendant CGP.

## PROCEDURAL BACKGROUND

6.      On February 11, 2022 (the "**Petition Date**"), the Debtor filed a voluntary petition for relief in the Bankruptcy Court under Chapter 11 of the Bankruptcy Code.  Until September 20, 2022, the Debtor was authorized to operate and manage its property as a debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

7.      On August 17, 2022, the Series 2020A of Nahla Capital LLC filed a motion for the appointment of a chapter 11 trustee [Dkt. No. 189], and on September 19, 2022, the Court granted that motion directing appointment of a chapter 11 trustee [Dkt. No. 230].

8.      On September 20, 2022, the United States Trustee (the "**United States Trustee**") filed a notice appointing Jonathan L. Flaxer as the chapter 11 trustee [Dkt. No. 231] as

well as an application to approve the appointment of Jonathan L. Flaxer as the chapter 11 trustee [Dkt. No. 232]. The Court approved the United States Trustee's application by order dated September 23, 2022 [Dkt. No. 233]. On September 28, 2022, the Trustee filed a bond in the amount of $3,250,000, as required by the United States Trustee [Dkt. No. 238].

## THE PARTIES

9. Plaintiff is the court-appointed chapter 11 trustee for the Estate by Order dated September 23, 2022.

10. Defendant CGP is a not-for-profit organization or other legal entity.

## FACTUAL BACKGROUND

11. Upon information and belief, Klaynberg was a member of the board of Defendant CGP prior to the Petition Date.

12. On or about December 18, 2019, Klaynberg obtained a line of credit from Metropolitan Commercial Bank ("**MCB**") in the maximum amount of $1,250,000 (the "**Line of Credit**").

13. Klaynberg obtained the Line of Credit from MCB in order to make a short-term loan to Defendant CGP.

14. On or about December 18, 2019, Klaynberg and Defendant CGP entered into an agreement pursuant to which Klaynberg agreed to and did loan funds to Defendant CGP (the "**Loan**"), and Defendant CGP agreed to repay the principal amount of the Loan, with interest equal to the interest MCB charged Klaynberg on the Line of Credit, plus Klaynberg's expenses in connection with obtaining the Line of Credit, to be paid when Defendant CGP refinanced its mortgage loan(s) on Defendant CGP's real property.

15.     Klaynberg advised MCB that the Line of Credit would be used to make the Loan to Defendant CGP and that the Line of Credit would be repaid upon Defendant CGP's refinancing its mortgage loan(s) on Defendant CGP's real property.

16.     Defendant CGP's mortgage loan(s) on its real property matured in May 2020.

17.     On each of December 18, 2019, January 2, 2020, and February 3, 2020, Klaynberg obtained advances from the Line of Credit in the amount of $400,000.

18.     Klaynberg made the Loan to Defendant CGP by making the following transfers (collectively, the "**Transfers")** in the aggregate amount of $1,132,700 (the "**Loan Amount**"):

| Date | Amount of Transfer |
|------|--------------------|
| December 18, 2019 | $202,700 |
| December 20, 2019 | $150,000 |
| January 2, 2020 | $180,000 |
| January 13, 2020 | $150,000 |
| January 17, 2020 | $50,000 |
| February 3, 2020 | $300,000 |
| February 21, 2020 | $100,000 |

19.     On or about May 27, 2020, Defendant CGP obtained a mortgage loan in the aggregate amount of $23,000,000 from Manufacturers and Traders Trust Company to refinance its existing mortgage loan(s).  Thereafter, Defendant CGP began to repay the Loan, but never completed repaying the Loan.

20.     On July 16, 2020, Defendant CGP transferred $600,000 to Klaynberg to partially repay the Loan.

21.     On July 21, 2020, Klaynberg transferred $600,000 to MCB to partially repay the Line of Credit.

22.     On or about December 10, 2020 (the "**Repayment Date**"), Klaynberg repaid remaining balance of the Line of Credit from his personal funds.

23.     Prior to the Repayment Date, Klaynberg paid $7,250 in fees to MCB to open and maintain the Line of Credit.

24.     Prior to the Repayment Date, the Line of Credit accrued $50,648.85 in interest with respect to the amounts advanced to Defendant CGP.

25.     In total, Klaynberg paid $1,190,598.85 to MCB from the opening of the Line of Credit through the Repayment Date with respect to amounts advanced to Defendant CGP.

## CLAIM ONE
## (BREACH OF LOAN CONTRACT)

26.     The Trustee repeats the allegations set forth in paragraphs 1 through 25 of this Complaint as if set forth fully herein.

27.     Pursuant to the terms of the Loan, Defendant CGP was obligated to repay Klaynberg the amount of $1,190,598.85, which equals the principal amount of the loan ($1,132,000) plus accrued interest on the Line of Credit ($50,648.85) plus fees incurred to open and maintain the Line of Credit ($7,250).

28.     The Loan has matured, and $590,598.85 (the "**Outstanding Amount**") remains due and owing from Defendant.

29.     Plaintiff is entitled to a judgment against Defendant CGP in the amount of $590,598.85, plus prejudgment interest on the unpaid amount from no later than December 10, 2020, and post-judgment interest.

## CLAIM TWO
## (IN THE ALTERNATIVE, AVOIDANCE OF FRAUDULENT TRANSFERS)

30.     The Trustee repeats the allegations set forth in paragraphs 1 through 29 of this Complaint as if set forth fully herein.

31.     If it is determined that the Debtor's transaction with Defendant CGP was not a loan to Defendant CGP, then Plaintiff alleges below in the alternative that the Transfers to Defendant are avoidable under Section 548 of the Bankruptcy Code.

32.     Each of the Transfers was to, or for the benefit of, Defendant CGP.

33.     The Debtor did not receive reasonably equivalent value in exchange for the Transfers.

34.     The Debtor was insolvent on the date of each of the Transfers or became insolvent as a result of each such Transfer; was engaged in business or a transaction, or was about to engage in business or a transaction, for which any property remaining with the Debtor was an unreasonably small capital; or intended to incur, or believed that it would incur, debts that would be beyond its ability to pay as such debts matured.

35.     In accordance with the foregoing, the Transfers are avoidable pursuant to Section 548(a)(1)(B) of the Bankruptcy Code.

36.     The Trustee is entitled to a judgment against Defendant CGP avoiding the Transfers.

## CLAIM THREE
## (RECOVERY OF AVOIDED TRANSFERS)

37.     The Trustee repeats the allegations set forth in paragraphs 1 through 36 of this Complaint as if set forth fully herein.

38.     The Trustee is entitled to avoid the Transfers pursuant to Section 548 of the Bankruptcy Code.

39.     Defendant CGP was the initial transferee of the Transfers or the person for whose benefit the Transfers were made.

40.     Pursuant to Section 550(a) of the Bankruptcy Code, the Trustee is entitled to recover from Defendant CGP the Transfers, plus interest thereon to the date of payment and the costs of this action.

41.     The Trustee is entitled to a judgment against Defendant CGP for the amount of $1,132,700 for the value of the Transfers at the time thereof, plus prejudgment interest from that date.

WHEREFORE, the Trustee respectfully requests that this Court enter a judgment in his favor against Defendant CGP and award relief, as follows:

A.     On Claim One, in the amount of $590,598.85, plus pre-judgment interest at the New York legal rate of 9%, plus post-judgment interest;

B.     In the alternative, on Claims Two and Three, that the Transfers or the value thereof, to the extent such Transfers are avoided pursuant to Section 548 of the Bankruptcy Code, be recovered by the Trustee pursuant to Section 550 of the Bankruptcy Code;

C.     Awarding pre-judgment interest at the maximum legal rate running from the date of each of the Transfers to the date of judgment herein;

        D.       For such other relief as is just and proper.

Dated: New York, New York
      July 20, 2023

GOLENBOCK EISEMAN ASSOR BELL
& PESKOE LLP
711 Third Avenue
New York, New York 10017
(212) 907-7300

By: /s/ Michael S. Devorkin
        Michael S. Devorkin, Esq.
        Michael S. Weinstein, Esq.

*Counsel for Jonathan L. Flaxer,*
*Chapter 11 Trustee for Joseph Klaynberg*